IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN D. DAVIDSON, AS EXECUTOR OF THE ESTATE OF HOWARD W. DEMOORE, <br><br> Plaintiff, <br><br> vs. <br><br> JEREMY SLOTNICK PAIGE; VICKI SUSAN SLOTNICK; KB1, LLC; MELISSA JACKSON; RICHARD SHUCK; ET AL., <br><br> Defendants. | CIVIL NO. 20-00097 LEK-WRP <br><br> FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT KB1, LLC |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT KB1, LLC

Before the Court is Plaintiff Steven D. Davidson, as Executor of the Estate of Howard W. DeMoore's Motion for Entry of Default Judgment against Defendant KB1, LLC (Motion). See ECF No. 46. Defendants Melissa Jackson and Richard Shuck filed an Opposition to the Motion on October 28, 2020. See ECF No. 50. Plaintiff filed his Reply on November 12, 2020. See ECF No. 52. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. See ECF No. 47.

The Court FINDS AND RECOMMENDS that Plaintiff's Motion be

DENIED WITHOUT PREJUDICE as premature.[1]

## BACKGROUND

In June 2018, Defendant Paige and Defendant Slotnick, as Buyers, and Plaintiff, as Seller, entered into a Purchase Contract for certain real property located in Kailua, Hawaii. See ECF No. 1 ¶¶ 10, 13. Under the Purchase Contract, either party had the right to terminate the agreement subject to certain conditions. See id. ¶ 12, 14-15. On August 16, 2018, Defendant Paige and Defendant Slotnick purported to assign the Purchase Contract to KB1, LLC (KB1) as Buyer. See id. ¶ 18. Plaintiff alleges that KB1 was formed on June 27, 2018, and as of August 13, 2018, Defendant Paige, Defendant Slotnick, Defendant Shuck, and Defendant Jackson were the managers of KB1. See id. ¶ 19. Plaintiff also alleges that KB1 never adopted an operating agreement, appointed officers, opened a bank account, or took any other organizational activities. See id.

Pursuant to the Purchase Contract, a $100,000 initial earnest money deposit was made with the title company on behalf of Defendant Paige, Defendant Slotnick, and KB1 for purposes of completing the purchase. See id. ¶¶ 13, 20. Plaintiff alleges that the $100,000 was wire-transferred to the title company from

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

an account owned or controlled by Defendant Shuck and Defendant Jackson. See id. ¶ 20.

On August 25, 2018, Defendants attempted to terminate the Purchase Contract. See id. ¶ 22. Plaintiff alleges that Defendants were not entitled to terminate under the terms of the Purchase Contract. See id. ¶¶ 22, 24. Plaintiff alleges that the real reason for the attempted termination of the Purchase Contract was a disagreement between Defendants. See id. ¶ 23. Specifically, Plaintiff alleges that Defendant Paige and Defendant Slotnick were acting as agents of Defendant Shuck and Defendant Jackson with respect to the Purchase Contract and that Defendant Shuck and Defendant Jackson were to provide all of the funds to purchase the property. See id. Plaintiff alleges that Defendants disagreed about splitting the profits from any future sale of the property. See id.

On August 28, 2018, Plaintiff notified the escrow agent that the Purchase Contract had been wrongfully terminated and requested that the earnest money be delivered to Plaintiff. See id. ¶ 24. The escrow agent informed Plaintiff that she had received conflicting instructions regarding the earnest money and would not release it. See id. ¶ 25. Plaintiff alleges that Defendants breached the Purchase Contract by failing to close on the property by the scheduled closing date. See id. ¶ 26.

Plaintiff filed the Complaint on March 2, 2020.  See ECF No. 1.  Plaintiff asserts a claim for breach of contract against Defendant Paige, Defendant Slotnick, and KB1.  See id. ¶¶ 31-47.  In support of that claim, Plaintiff alleges that "KB1 is liable for [Defendant Paige and Defendant Slotnick's] material breach of the Purchase Contract, including the breach of implied covenant of good faith and fair dealing and *vice versa*."  Id. ¶ 38.  Plaintiff also asserts a claim for intentional and/or negligent misrepresentation against Defendant Paige, Defendant Slotnick, and KB1.  See id. ¶¶ 49-52.

In addition to these claims, Plaintiff asserts three alternative theories of liability against Defendant Paige, Defendant Slotnick, Defendant Shuck, and Defendant Jackson.  First, Plaintiff alleges vicarious liability based on joint venture against Defendant Paige, Defendant Slotnick, Defendant Shuck, and Defendant Jackson by asserting that they were managers of KB1, that they were in a joint venture at the time that KB1 materially breached the Purchase Contract, and that they are vicariously liable for KB1's breach of the Purchase Contract.  See id. ¶¶ 54-58.  Second, Plaintiff alleges vicarious liability based on agency asserting that Defendant Paige and Defendant Slotnick were the agents for Defendant Shuck and Defendant Jackson, and because of that agency relationship, Defendant Shuck and Defendant Jackson are vicarious liable for KB1's breach of the Purchase Contract.  See id. ¶¶ 60-65.  Third, Plaintiff alleges vicarious liability based on

alter ego asserting that KB1 is an undercapitalized single purpose entity without any corporate formality and, as such, Defendant Paige, Defendant Slotnick, Defendant Shuck, and Defendant Jackson are liable for KB1's breach of the Purchase Contract under principles of alter ego and piercing the corporate veil. See id. ¶¶ 67-70.

Finally, Plaintiff seeks declaratory relief against all Defendants that Plaintiff is entitled to the earnest money deposit as partial satisfaction of its damages. See id. ¶¶ 72-80.

Defendant Shuck and Defendant Jackson filed an Answer to the Complaint on April 30, 2020. See ECF No. 13. Defendant Paige and Defendant Slotnick filed an Answer to the Complaint on May 4, 2020. See ECF No. 14. Defendant KB1 was served through its agent, Defendant Slotnick, on March 11, 2020, but did not file an Answer or otherwise respond to the Complaint. See ECF No. 15. Default was entered against Defendant KB1 on May 14, 2020. See ECF No. 17.

In the present Motion, Plaintiff seeks default judgment against Defendant KB1 on all claims asserted against it in the Complaint. See ECF No. 46.

## DISCUSSION

Default judgment may be entered if the defendant has defaulted by

5

failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).

   The Ninth Circuit has held that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."  In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001) (citing Frow v. De La Vega, 82 U.S. 552, 554 (1872) (holding that default judgment could not be entered against the defaulted defendant where the court had ruled that the plaintiff's legal theory was without merit with respect to co-defendants who engaged in identical transactions and the "central legal issue" in each transaction was the same)).  The Ninth Circuit has held that this reasoning is not limited to joint liability claims but also extends to co-defendants who are

"similarly situated." In re First T.D. & Inv., Inc., 253 F.3d at 532. In deciding whether default judgment against a co-defendant is appropriate, courts must consider whether a plaintiff is seeking judgment against a defaulting defendant on a legal theory that may be ultimately rejected with regard to the answering defendant in the same action would be "incongruous and unfair." See id.; see also Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001) ("Frow's applicability turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform."). This rule prevents an "incongruous and illegal" result of a plaintiff receiving one judgment on a claim against the defaulting defendant, but another judgment rejecting the same claim against the answering defendant. In re First T.D. & Inv., Inc., 253 F.3d at 532 (citing Frow, 82 U.S. at 554); see also Valvanis v. Milgroom, 2008 WL 2150952, at *2 (D. Haw. May 20, 2008) (denying motion for default judgment against one defendant as premature based on related pending claims against the remaining defendant); Ferrari Fin. Servs., Inc. v. Yokoyama, 2018 WL 4610870, at *2-3 (D. Haw. Sept. 6, 2018), report and recommendation adopted by, 2018 WL 4609933 (D. Haw. Sept. 25, 2018) (same).

    Here, the Court finds that default judgment is premature and should not be entered until Plaintiff's claims against the other Defendants have been

7

adjudicated. The Court is unpersuaded by Plaintiff's arguments that the line of Ninth Circuit authority, discussed above, is not controlling. See ECF No. 52 at 8-11. All of the claims in the Complaint are based on the same central factual allegations and theory of liability regarding the alleged breach of the Purchase Contract, namely that the Purchase Contract was not validly terminated on August 25, 2018. See ECF No. 1 ¶¶ 22-24. The Complaint alleges that Defendant KB1, Defendant Paige, and Defendant Slotnick are jointly liable for the breach and that Defendant Shuck and Defendant Jackson are vicariously liable for the breach under various theories. Accordingly, the Court finds that all of the Defendants are similarly situated and that entry of default judgment against Defendant KB1 would be "incongruous and unfair" to the remaining Defendants. See In re First T.D. & Inv., Inc., 253 F.3d at 532. The Court addresses the reasons why entry of default judgement is premature as to each of Plaintiff's allegations below.

First, Plaintiff has alleged that Defendant KB1, Defendant Paige, and Defendant Slotnick are jointly liable for breach of contract. As detailed above, Plaintiff's claims for breach of contract claim is asserted against Defendant KB1, Defendant Paige, and Defendant Slotnick. In support of that claim, Plaintiff alleges that "KB1 is liable for [Defendant Paige's and Defendant Slotnick's] material breach of the Purchase Contract, including the breach of implied covenant of good faith and fair dealing and *vice versa*." ECF No. 1 ¶ 38. Defendant Paige

8

and Defendant Slotnick have Answered the Complaint and denied the allegations supporting this claim.  See ECF No. 14.  Because Plaintiff has alleged that these Defendants are jointly liable for breach of contract, there is a risk of inconsistent judgments if default judgment is entered against Defendant KB1 while the breach of contract claim against Defendant Paige and Defendant Slotnick remain pending.  The Court finds that it would be "incongruous and unfair" to allow Plaintiff to obtain default judgment against Defendant KB1 on the claim for breach of contract because that claim may be ultimately rejected with regard to Defendant Paige and Defendant Slotnick.

Second, Plaintiff's claim for intentional and/or negligent misrepresentation is asserted against Defendant KB1, Defendant Paige, and Defendant Jackson.  See ECF No. 1 ¶¶ 49-52.  This claim is based, in part, on the allegation that the reason given for terminating the Purchase Contract was pretext.  See id. ¶ 51.  Defendant Paige and Defendant Slotnick have Answered the Complaint and denied the allegations supporting this claim.  See ECF No. 14.  The Court finds that it would be unfair for default judgment to be entered against Defendant KB1 on this claim because Plaintiff's theory that the reason for termination was pretext may be ultimately rejected with regard to Defendant Paige and Defendant Slotnick.

Third, the Court finds that entering default judgment against

9

Defendant KB1 on Plaintiff's request for declaratory relief would open the door to the possibility of incongruous judgments. For example, if Plaintiff does not prevail against the other Defendants at trial, then Plaintiff may not be entitled to the earnest money and, as a result, there would be inconsistent judgments. The Court finds that it would be unfair to allow Plaintiff to obtain default judgment against Defendant KB1 on Plaintiff's request for declaratory relief because that request for relief may be ultimately rejected with regard to the remaining Defendants.

Fourth, as detailed above, the Complaint alleges three alternative theories of vicarious liability against Defendant Shuck and Defendant Jackson regarding the same transaction. Defendant Shuck's and Defendant Jackson's liability is predicated on Defendant KB1's liability such that there is a risk of inconsistent judgments if default judgment is entered against Defendant KB1 while claims against Defendant Shuck and Defendant Jackson remain pending.

Finally, the Court is unpersuaded by Plaintiff's arguments in his Reply. See ECF No. 52. The Court rejects Plaintiff's contentions that Defendant Shuck and Defendant Jackson are "not allowed to oppose the Motion" and "do not have standing" to dispute Plaintiff's request for default judgment against Defendant KB1. Id. at 7-8. As discussed above, the Court finds that all of the Defendants are similarly situated because Plaintiff's Complaint alleges a central theory of liability as to the breach of the Purchase Contract. Accordingly,

Defendants Shuck and Defendant Jackson may appropriately oppose the relief requested in Plaintiff's Motion.  Further, the Court rejects Plaintiff's alternative argument that the Court should grant the Motion but defer entry of final judgment as to Defendant KB1 until after a trial on the merits.  See id. at 10-11.  It appears that Plaintiff is arguing that Defendant KB1's default means that Plaintiff is entitled to judgment against it at some point regardless of the outcome of the claims against the other Defendants.  However, that is not the case under Ninth Circuit law.  See In re First T.D., 253 F.3d at 532 ("if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.").  Accordingly, the Court finds that default judgment cannot be entered against Defendant KB1 while the claims based on the same transaction remain pending against the other Defendants.

The Court finds that the possibility of incongruous results is a just reason for delay in entering default judgment against Defendant KB1 until after the claims against the other Defendants have been adjudicated. Accordingly, the Court FINDS and RECOMMENDS that the district court DENY WITHOUT PREJUDICE Plaintiff's Motion.

## CONCLUSION

The Court FINDS AND RECOMMENDS that Plaintiff's Motion for Entry of Default Judgment against Defendant KB1, LLC be DENIED WITHOUT

PREJUDICE as premature.

       IT IS SO FOUND AND RECOMMENDED.

       DATED AT HONOLULU, HAWAII, NOVEMBER 20, 2020.



Wes Reber Porter
United States Magistrate Judge

**DAVIDSON v. PAIGE, ET AL., CIVIL NO. 20-00097 LEK-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT KB1, LLC**