UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN D. DAVIDSON, AS EXECUTOR OF THE ESTATE OF HOWARD W. DEMOORE; <br><br> Plaintiff, <br><br> vs. <br><br> JEREMY SLOTNICK PAIGE, VICKI SUSAN SLOTNICK,  KBI, LLC, MELISSA JACKSON, RICHARD SHUCK, JOHN DOES 1-20, JANE DOES 1-20, DOE CORPORATIONS 1-20,  DOE PARTNERSHIPS 1-20, DOE ENTITIES 1-20, RHONDA LEE HAY, CYNTHIA NASH, <br><br> Defendants. | CIV. NO. 20-00097 LEK-WRP |

**ORDER: GRANTING DEFENDANTS' MOTION TO WITHDRAW OR AMEND DEEMED ADMISSIONS; AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITHOUT PREJUDICE**

On February 23, 2021, Defendants Jeremy Slotnick Paige ("Paige") and Vicki Susan Slotnick ("Slotnick" and collectively "the Paiges") filed their Motion to Withdraw or Amend Responses to Admissions ("Motion").  [Dkt. no. 80.]  On March 9, 2021, Defendants Melissa Jackson ("Jackson") and Richard Shuck ("Shuck" and collectively "the Shucks") filed their statement of no opposition to the Motion and Plaintiff Steven D. Davidson, as Executor of the Estate of Howard W. DeMoore ("Plaintiff"), filed his memorandum in opposition to the Motion ("Memorandum in Opposition"), and on March 23, 2021, the Paiges filed their

reply.  [Dkt. nos. 83, 84, 85.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  The Paiges' Motion is hereby granted for the reasons set forth below.

## BACKGROUND

This case arises from Plaintiff's ultimately unsuccessful attempt to sell property located at 86 South Kalaheo Avenue, Kailua, Hawai`i 96734 ("the Property") for $5,700,000, on terms as contained in the purchase agreement and counter offer accepted by Plaintiff on August 9, 2018.  Pltf.'s concise statement of fact in support of his motion for partial summary judgment ("Pltf.'s CSOF"), filed 1/6/21 (dkt. no. 63), at ¶ 1; the Paiges' concise statement of facts ("Paiges' CSOF"), filed 1/25/21 (dkt. no. 68), at ¶ 1 (admitting Pltf.'s CSOF at ¶ 1); the Shucks' concise statement of fact ("Shucks' CSOF"), filed 1/22/21 (dkt. no. 66), at ¶ 1 (admitting Pltf.'s CSOF at ¶ 1); see also Pltf.'s CSOF, Decl. of Steven D. Davidson ("Pltf.'s Decl."), Exh. 1 (purchase and sale agreement for the Property, dated June 29, 2018 ("Purchase Agreement")), Exh. 2 (counter offer to the Purchase Agreement, dated August 9, 2018 ("Counter Offer" and collectively with the Purchase Agreement, "the Contract")).

On August 16, 2018, Plaintiff and the Paiges executed an amendment to the Contract assigning the Paiges' interest in the contract to KB1, LLC ("KB1"). [Pltf.'s Decl. at ¶ 16, id., Exhs. 7A, 7B (amendment to Contract assigning the Paiges' interest to KB1, and indicating that Vicki Susan Slotnick was "authorized to sign in the capacity of Manager for KB1 LLC," dated August 16, 2018).] Vicki Slotnick, Richard Shuck, Melissa Jackson, and Jeremy Paige are listed as the only managers of KB1. [CSOF, Decl. of Jesse J. T. Smith ("Jesse Smith 1/6/21 Decl."), Exh. 10 ("Officer/Director/Member/Manager Changes" filed on 8/13/18 in the Business Registration Division of the State of Hawai`i Department of Commerce and Consumer Affairs).]

On August 20, 2018, KB1 transferred the initial earnest money deposit ("EMD") into escrow. [Pltf.'s CSOF at ¶ 22; Paiges' CSOF at ¶ 22, Shucks' CSOF at ¶ 22 (both admitting Pltf.'s CSOF at ¶ 22).] On August 25, 2018, Slotnick issued a Notice of Termination of Purchase Contract ("Termination Notice"), stating,

> [t]his shall serve as written notice that, pursuant to Paragraph M-1 of the above referenced purchase contract, Buyer hereby terminates this Purchase Contract.
>
> Regarding the Title documents received August 21, 2018 the Buyer does not accept based on information provided in the M-1 Documentation and the O-2 Cancelation Provisions shall apply.

[Paiges' CSOF, Decl. of Vicki Susan Slotnick ("Slotnick Decl."), Exh. B (Termination Notice).]

On August 28, 2018, Title Guaranty Escrow Services, Inc. ("Title Guaranty") sent a letter to Plaintiff stating that it had received requests from both parties for the EMD, and that it would require joint, written instructions before releasing the money, or else it would be deposited with the court as an interpleader action.  [Pltf.'s Decl., Exh. 14 (letter from Roxanne Olayan, Senior Escrow Officer at Title Guaranty, dated 8/28/18).]  On September 24, 2019, Plaintiff sold the Property to a third-party buyer for $5,375,000.  [Pltf.'s Decl. at ¶¶ 32, 35; id., Exh. 15 (counter offer selling the Property for $5,375,000).]

On March 2, 2020, Plaintiff filed his Complaint against the Paiges, the Shucks, and KB1, asserting: 1) a claim for breach of contract against the Paiges and KB1 for terminating the Purchase Agreement; 2) a claim for intentional and/or negligent misrepresentation against the Paiges and KB1; 3) a claim for vicarious liability against the Paiges and the Shucks based on joint venture due to KB1's breach of the Purchase Agreement; 4) a claim for vicarious liability against the Paiges and the Shucks based on agency; 5) a claim for alter ego liability against the Paiges and the Shucks for KB1's breach of the Purchase Agreement; and 6) a claim for declaratory relief

that Plaintiff is entitled to the Earnest Money Deposit currently in Escrow.  Plaintiff seeks compensatory, statutory and/or exemplary damages, prejudgment interest, declaratory relief that Plaintiff is entitled to the Earnest Money Deposit, and reasonable attorneys' fees.  [Complaint at pgs. 22-23.]

On or around June 25, 2020, Plaintiff served upon Slotnick his First Request for Admissions to Defendant Vicki Susan Slotnick ("First Slotnick RFA").  See Jesse Smith 1/6/21 Decl. at ¶ 5; id., Exh. 4 (First Slotnick RFA).  On December 16, 2020, Plaintiff served upon Paige his First Request for Admissions to Defendant Jeremy Slotnick Paige ("First Paige RFA" and collectively with the First Slotnick RFA, "the First RFAs").  [Mem. in Opp., Decl. of Jesse J. T. Smith ("Jesse Smith 3/9/21 Decl.") at ¶ 19; Pltf.'s further CSOF, filed 1/29/21, (dkt. no. 73), Decl. of Jesse J. T. Smith ("Jesse Smith 1/29/21 Decl."), Exh. 20 (First Paige RFA).]  The Paiges served their untimely responses to the First RFAs on January 26, 2021, or soon thereafter.  [Motion, Decl. of Paul V.K. Smith ("Paul Smith Decl.") at ¶¶ 7-8.]  In his motion for partial summary judgment ("Motion for Partial Summary Judgment"), Plaintiff argues all requests for admissions in the First RFAs must be deemed admitted because the Paiges' responses were untimely.  [Mem. in Supp. of Motion, filed 1/6/21 (dkt. no. 62-1), at 12-14.]

On April 12, 2021, the magistrate judge, pursuant to a stipulation submitted by the parties, continued certain pretrial deadlines for six months, at which point the trial date and pretrial statement deadlines will be reset. [Dkt. no. 88.] On April 20, 2021, the magistrate judge vacated the trial date. [Dkt. no. 90.]

In the Motion, the Paiges ask that they be allowed to withdraw their deemed admissions in the First RFAs.

### **STANDARD**

Federal Rule of Civil Procedure 36(b) provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

As the Ninth Circuit has explained,

> Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions. See Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1248 (9th Cir. 1981). The rule permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) "the presentation of the merits of the action will be subserved," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ.

6

>  P. 36(b); Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995); see also Carney v. IRS (In re Carney), 258 F.3d 415, 419 (5th Cir. 2001) ("[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."); Donovan v. Carls Drug Co., 703 F.2d 650, 652 (2d Cir. 1983) (stating that the court may excuse a party from its deemed admissions "only when (1) the presentation of the merits will be aided **and** (2) no prejudice to the party obtaining the admission will result"), *overruled on other grounds by* McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133-34, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988). . . .

Conlon v. United States, 474 F.3d 616, 621-22 (9th Cir. 2007) (emphasis and some alterations in Conlon). Thus, "[w]hen undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." Id. at 623 (citing Sonoda v. Cabrera, 255 F.3d 1035, 1039-40 (9th Cir. 2001)).

### DISCUSSION

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Conlon, 474 F.3d at 622 (quoting Hadley, 45 F.3d at 1348). None of the statements in the First Slotnick RFA explicitly or directly state that: the Paiges/KB1 breached the contract; the Notice of Termination was untimely; the reason for termination KB1 proffered was pretextual; or that KB1 canceled the Contract and issued the Notice of Termination for any reason other than as stated

7

therein. See Jesse Smith 1/6/21 Decl., Exh. 4 (First Slotnick RFA). Thus, upholding the admissions in the First Slotnick RFA alone would not eliminate the presentation of the merits of the case because they do not necessarily establish all of the elements of a breach of contract, nor the ultimate issue of liability of the Paiges, KB1, or the Shucks. However, as argued by Plaintiff, he relied heavily on the First Slotnick RFA in his Motion for Partial Summary Judgment. See Mem. in Opp. at 8. Furthermore, the First RFAs do establish facts that would greatly limit presentation of the case on the merits, including with respect to the ultimate issues. See Jesse Smith 1/6/21 Decl., Exh. 4 (First Slotnick RFA) at Nos. 42-44 (requests for admissions regarding when certain documents were transmitted critical to his allegations); see also Jesse Smith 1/29/21 Decl., Exh. 20 (First Paige RFA) at No. 45 (requesting admission that Plaintiff is entitled to the EMD). Therefore, permitting withdrawal of the deemed admissions will allow the case to be presented on its merits, and the Motion passes the first part of the Rule 36(b) test.

With respect to the second part of the test, Plaintiff, as the party relying on the deemed admission, has the burden of proving prejudice. See Conlon, 474 F.3d at 622 (citation omitted). Because certain pretrial deadlines have already been continued for six months, and because the trial

date will be, but has not yet been, reset, Plaintiff has not demonstrated that he will be prejudiced if the Court allows the deemed admissions to be withdrawn. See id. at 624 (explaining that "reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice" (citations omitted)). Therefore, Plaintiff has not met his burden as to the second part of the Rule 36(b) test.

In sum, the Motion is granted. Furthermore, Plaintiff relied upon at least some of the deemed admissions in his Motion for Partial Summary Judgment. See Mem. in Supp. of Motion for Partial Summary Judgment at 12-13 (arguing that he is entitled to summary judgment against the Paiges and KB1 as to the breach of contract claim because Slotnick is deemed to have "admitted all key disputed facts"). Therefore, Plaintiff's Motion for Partial Summary Judgment is denied without prejudice to the filing of an amended motion without relying on the deemed admissions. Plaintiff's amended motion for partial summary judgment must be filed by **July 30, 2021**.

## CONCLUSION

For the foregoing reasons, the Paiges' Motion to Withdraw or Amend Responses to Admissions, filed February 23, 2021, is HEREBY GRANTED. Accordingly, Plaintiff's Motion for Partial Summary Judgment as to Count I (Breach of Contract) and Count VI (Declaratory Relief), filed January 6, 2021, is HEREBY

DENIED WITHOUT PREJUDICE.  Plaintiff's amended motion for partial summary judgment must be filed by **July 30, 2021**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 30, 2021



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STEVEN D. DAVIDSON, AS EXECUTOR OF THE ESTATE OF HOWARD W. DEMOORE VS. JEREMY SLOTNICK PAIGE, ET AL.; CV 20-00097 LEK-WRP; ORDER: GRANTING DEFENDANTS' MOTION TO WITHDRAW OR AMEND DEEMED ADMISSIONS; AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITHOUT PREJUDICE**