UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN D. DAVIDSON, AS EXECUTOR OF THE ESTATE OF HOWARD W. DEMOORE;<br><br>             Plaintiff,<br><br>   vs.<br><br>JEREMY SLOTNICK PAIGE, VICKI SUSAN SLOTNICK,  KBI, LLC, MELISSA JACKSON, RICHARD SHUCK, JOHN DOES 1-20, JANE DOES 1-20, DOE CORPORATIONS 1-20,  DOE PARTNERSHIPS 1-20,  DOE ENTITIES 1-20, RHONDA LEE HAY, CYNTHIA NASH,<br><br>          Defendants. | CIV. NO. 20-00097 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART THE THIRD-PARTY DEFENDANTS' MOTION TO DISMISS AND/OR STRIKE**

On July 16, 2021, Third-Party Defendants Hawaii Life Real Estate Services, LLC ("Hawaii Life"), Rhonda Lee Hay ("Hay"), and Cynthia Nash ("Nash" and collectively "the Third-Party Defendants") filed their **Motion to Dismiss and/or Strike** (1) Defendants Melissa Jackson and Richard Shuck's **First Amended Third Party Complaint,** Filed June 2, 2021 [Dkt. 102]; and (2) Defendants Jeremy Slotnick Paige and Vicki Susan Slotnick's **Crossclaim** Against Third-Party Defendants Hawaii Life Real Estate Services, LLC, Choi International, Inc., Rhonda Lee Hay, and Cynthia Nash, Filed May 18, 2021 [Dkt. 95] ("Motion").

[Dkt. no. 123.]  Defendants/Crossclaimants Jeremy Slotnick Paige and Vicki Susan Slotnick ("the Paiges") and Defendants/Third-Party Plaintiffs Melissa Jackson and Richard Shuck ("the Shucks") filed their respective memoranda in opposition on August 3, 2021 ("Paige Opposition" and "Shuck Opposition"). [Dkt. nos. 129, 132.]  The Third-Party Defendants filed their reply on August 10, 2021.  [Dkt. no. 134.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  The Third-Party Defendants' Motion is hereby granted in part and denied in part for the reasons set forth below.

<u>**BACKGROUND**</u>

On March 2, 2020, Plaintiff Steven D. Davidson, as Executor of the Estate of Howard W. DeMoore ("Plaintiff"), filed his Complaint against the Paiges, the Shucks, and Defendant KB1, LLC ("KB1").  [Dkt. no. 1.]  The Complaint alleges that, on June 29, 2018, Plaintiff, as the seller, and the Paiges, as the buyers, entered into a "Purchase Contract" for the sale of real property in Kailua, Hawai`i (the "Property").  [<u>Id.</u> at ¶ 10.] Under paragraph M-1 of the Purchase Contract, Plaintiff was to provide certain documents to the Paiges no later than seven calendar days after the acceptance date, and the Paiges had seven calendar days after receipt of the documents to terminate

2

the Purchase Contract.  [Id. at ¶ 14.]  Plaintiff alleges the
acceptance date was on August 9, 2018.  [Id. at ¶ 13.]  On the
same day as the acceptance, the Paiges allegedly acknowledged
receipt of an initial preliminary report ("First Report")
containing hyperlinks to the documents required under paragraph
M-1 of the Purchase Contract.  [Id. at ¶ 16.]  On August 15,
2018, the title company sent an updated preliminary report
("Second Report") to the Paiges.

       On August 16, 2018, the Paiges allegedly assigned the
Purchase Contract to KB1 by an amendment to the Purchase
Contract.  As of August 13, 2018, the Shucks and the Paiges were
the managers of KB1.  On August 17, 2018, the Paiges and/or KB1
transferred the initial money deposit to escrow for purposes of
completing the purchase.  The money was allegedly wire-
transferred to the title company from an account owned or
controlled by the Shucks.  On August 21, 2018, the title company
sent a third preliminary report ("Third Report") to the Paiges,
which allegedly contained no material differences from the First
Report and Second Report.  Plaintiff alleges that, on August 25,
2018, KB1 attempted to terminate the Purchase Contract.
Plaintiff claims the reason for the termination was due to a
disagreement between the Paiges and the Shucks.  [Id. at ¶¶ 18-
23.]

3

Plaintiff alleges the following claims: (1) breach of contract against the Paiges and KB1 for untimely notice of termination regarding the Purchase Contract ("Count I"); (2) intentional and/or negligent misrepresentation against the Paiges and KB1 ("Count II"); (3) vicarious liability based on joint venture against the Paiges and the Shucks for the breaches of the Purchase Contract and implied covenant of good faith and fair dealing ("Count III"); (4) vicarious liability based on agency against the Paiges and the Shucks for the breach of the Purchase Contract ("Count IV"); (5) alter ego liability against the Paiges and the Shucks because they are liable for KB1's breach of the Purchase Contract ("Count V"); and (6) declaratory relief against the Paiges, the Shucks, and KB1 ("Count VI").[1]

The Shucks and the Paiges filed their respective answers to the Complaint on April 30, 2020 and May 4, 2020. [Dkt. nos. 13, 14.]  On May 18, 2021, the Paiges filed their Crossclaim Against Third-Party Defendants Hawaii Life Real Estate Services, LLC, Choi International, Inc., Rhonda Lee Hay,

---

[1] Counts I and II are the only substantive claims alleged in Plaintiff's Complaint.  Counts III, IV, and V are theories of liability as to the Paiges and alternative theories of liability as to the Shucks for Count I.  Although Count I is only explicitly alleged against either the Paiges or KB1, the Court interprets it as also alleging liability against the Shucks, in light of Counts III, IV, and V.  Count II, however, is only alleged against the Paiges or KB1, and Counts III, IV, and V do not allege alternative theories of liability against the Shucks for Count II.

and Cynthia Nash ("Paige Crossclaim").  [Dkt. no. 95].  On June 2, 2021, the Shucks filed their First Amended Third Party Complaint Against Hawaii Life Real Estate Services, LLC, Choi International, Inc., Rhonda Lee Hay, and Cynthia Nash ("Amended Shuck Third-Party Complaint").  [Dkt. no. 102.]

        The Shucks allege that, in November 2017, "Plaintiff entered into an Exclusive Right-to-Sell Listing Contract with Third-Party Defendant Choi International[, Inc. ('Choi')]." [Amended Shuck Third-Party Complaint at ¶ 10.]  In December 2017, Hawaii Life and Choi "formed a strategic alliance and created 'the CHOI Group with Hawaii Life.'"  [Id. at ¶ 11 (emphasis in original).]  The Shucks also allege that, "concurrently with the execution of the Purchase Contract," Plaintiff and the Paiges "executed a Dual Agency Consent Addendum" ("the Addendum") with Choi, Hawaii Life, and/or the Choi Group with Hawaii Life.  [Id. at ¶ 13.]  The Shucks claim that Choi "was responsible for correspondence with the seller (Plaintiff), and Third-Party Defendant Hawaii Life was responsible for correspondence with" the Paiges and KB1.  [Id. at ¶ 14.]  The Amended Shuck Third-Party Complaint states the Third-Party Defendants and Choi "sent, or caused to be sent," the First Report and Second Report to the Paiges or their agents.  [Id. at ¶¶ 21, 24.]  The Shucks allege the transaction manager for the prospective buyers' real estate agent emailed

5

the Third Report to the Paiges after Hay instructed her to do so.  [Id. at ¶ 29-30.]

The Shucks claim the Second Report and Third Report contained new information that was not in the First Report.  The new information allegedly indicated that the First Report and Second Report were not final versions and, therefore, did not satisfy any of Plaintiff's obligations under paragraph M-1 and/or M-5 of the Purchase Contract.  [Id. at ¶¶ 26, 32-33.] Moreover, the Shucks allege the delivery of the pdf versions of the title documents on August 21, 2018 constituted proper delivery under paragraph M-1 of the Purchase Contract, which was five days after the required deadline of August 16, 2018.  The Shucks claim that, through the Third-Party Defendants' negligent acts and omissions, the title documents were not delivered to the Paiges within the time frame under paragraph M-1 or M-5 of the Purchase Contract.[2]  [Id. at ¶¶ 37-39.]

The Shucks allege the following claims: (1) negligence against the Third-Party Defendants for breaching their duty of care to Plaintiff and the Shucks for the untimely delivery of

_____

[2] The Amended Shuck Third-Party Complaint and the Paige Crossclaim originally alleged claims against Choi, but the parties stipulated to dismiss the claims against Choi without prejudice.  See Stipulation for Dismissal Without Prejudice of Choi International, Inc. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and Order, filed 8/11/21 (dkt. no. 135).  The Court therefore does not address any claims against Choi in the Amended Shuck Third-Party Complaint and the Paige Crossclaim.

the title documents ("Third-Party Count I"); and (2) indemnification and/or contribution against the Third-Party Defendants because they caused the alleged damages to Plaintiff and the Shucks are not at fault ("Third-Party Count II").

The Paige Crossclaim is a truncated version of the Amended Shuck Third-Party Complaint but alleges the same underlying facts. _See_ Paige Crossclaim at ¶¶ 9-24. The Paige Crossclaim also alleges the same two claims as in the Amended Shuck Third-Party Complaint (_i.e._, negligence against the Third-Party Defendants and indemnification/contribution from the Third-Party Defendants). _See id._ at ¶¶ 25-40.

The Third-Party Defendants now move to strike and/or dismiss with prejudice the Amended Shuck Third-Party Complaint and the Paige Crossclaim.

## **DISCUSSION**

### I. **Amended Shuck Third-Party Complaint**

The Third-Party Defendants argue the Amended Shuck Third-Party Complaint should be dismissed or stricken because the claims are not derivative of Plaintiff's claims against the Shucks, and the Amended Shuck Third-Party Complaint "does not comply with the standards set forth by this Court with respect to seeking leave to file a third-party complaint under Rule 14." [Mem. in Supp. of Motion at 10.] The Court agrees with the

7

Third-Party Defendants that the Shucks' third-party claims are not derivative of Plaintiff's claims.

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). This Court has stated:

> "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983). A third-party claim "may be asserted only when the third party's liability is in some way dependant [sic] on the outcome of the main claim and the third party's liability is secondary or derivative." [Id.] "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." Stewart v. American Int'l Oil & Gas Co., 845 F.2d 196, 200 (9th Cir. 1988) (quoting Wright & Miller, 6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.)). "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." One 1977 Mercedes Benz, 450 SEL, 708 F.2d at 452.

U. S. Fire Ins. Co. v. Hawaiian Canoe Racing Ass'ns, CIV. NO. 18-00212 LEK-RLP, 2019 WL 1674900, at *4 (D. Hawai`i Apr. 17, 2019) (alterations in U.S. Fire) (citation omitted). "Impleader is most commonly used for claims against a third party for indemnification, subrogation, breach of warranty, or contribution among joint tortfeasors." Uldricks v. Kapaa 382

LLC, Civil No. 07-00117 JMS/KSC, 2007 WL 2694409, at *3 (D. Hawai`i Sept. 11, 2007) (citation omitted).

   A.   **The Shucks' Negligence Claim**

        In Third-Party Count I, the Shucks allege the "Third-Party Defendants owed a duty of care to Plaintiff and the Shucks, as managers of KB1, with respect to the sale and marketing of the Property." [Amended Shuck Third-Party Complaint at ¶ 55.] The Third-Party Defendants allegedly "breached their duty of care to Plaintiff and the Shucks by, among other things, untimely delivering the title documents to the prospective purchasers." [Id. at ¶ 57.] The Third-Party Defendants argue the Shucks' negligence claim is not derivative of the Plaintiff's complaint because it is "independent from the two causes of action in the Complaint." [Mem. in Supp. of Motion at 12.] The Third-Party Defendants claim Hawaii Life could not have breached the Purchase Contract because it was not a party to the contract. [Id.] The Third-Party Defendants further argue "[t]he tort claim of negligence against Hawaii Life is a separate and independent claim as compared to a breach of contract claim. The remedies and defenses are different, the claims are based on different conduct, and a different standard applies to tort and contract claims." [Id. at 12–13.]

        Plaintiff asserts a breach of contract claim (Count I) and a tort claim for intentional or negligent misrepresentation

9

(Count II).  See Complaint at ¶¶ 30–47, 48–52.  Thus, the Shucks must plausibly allege that their negligence claim is derivatively based on Count I or Count II.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007))).  They have not done so.

"There are instances in which third parties may be impleaded under Rule 14 when both the underlying lawsuit and the third-party complaint allege breaches of contract."  SCD RMA, LLC v. Farsighted Enters., Inc., 591 F. Supp. 2d 1141, 1147 (D. Hawai`i 2008) (some citations omitted) (citing Campen v. Greenamyer, 940 F.2d 1533 (9th Cir. 1991)).  Rather than claiming the Third-Party Defendants breached a contract, as Plaintiff does, the Shucks allege the Third-Party Defendants were negligent when they breached their duty of care by failing to make timely delivery of the title documents.  [Amended Shuck Third-Party Complaint at ¶ 57.]  The Shucks seemingly allege the Third-Party Defendants' duty of care derived from the Purchase Contract.  See id. at ¶¶ 56–59.  Yet, the Shucks do not allege the Third-Party Defendants were parties to the Purchase Contract.  It is unclear, then, where the Third-Party Defendants' purported duty of care to Plaintiff arose from.

10

The Shucks rely on Texas state law to argue that there is "a duty to use reasonable care whenever a party provides information to its customers or potential customer."  [Shuck Opp. at 5 (citing Fed. Land Bank Ass'n v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991)).]  Because the Shucks do not allege the Purchase Contract is governed by Texas law, Texas case law is neither binding nor persuasive here.  The Shucks further argue that their negligence claim is derivative of Plaintiff's contract claim because Hawai`i law "does not prohibit a [party] from alleging a contract claim and tort claims based on the same facts as an alternate theory of liability."  [Id. at 6 (alteration in Shuck Opp.) (citing Francis v. Lee Enterprises, Inc., 89 Hawai`i 234, 244, 971 P.2d 707, 717 (1999)).]  First, the Shucks improperly cite to Francis for their proposition because that case does not discuss whether a party can allege alternate theories of liability.  Francis instead concerns whether tort recovery is allowed in breach of contract cases. See 89 Hawai`i at 244, 971 P.2d at 717.  Second, even if Plaintiff could have alleged alternate theories of liability regarding the breach of the Purchase Contract (he did not), the Shucks fail to explain how this makes their negligence claim derivative of the Plaintiff's contract claim.

The Shucks next allege "the parties to the Purchase Contract executed" the Addendum with Choi and Hawaii Life.

11

[Amended Shuck Third-Party Complaint at ¶ 13.]  The Shucks state Choi was "responsible for correspondence" with Plaintiff, and Hawaii Life was "responsible for correspondence" with the Paiges and KB1.  [Id. at ¶ 14.]  But, it is not clear whether the alleged responsibilities were provided for in the Addendum such that contractual obligations were created.  Further, although some of the Third-Party Defendants allegedly forwarded the three preliminary reports, see id. at ¶¶ 21, 24, 29–30, the Shucks do not explain whether the Third-Party Defendants' responsibilities under the Addendum required them to send the preliminary reports; that is, whether the preliminary reports were "correspondence" they were "responsible for."  Even assuming that the Third-Party Defendants were contractually obligated to send the preliminary reports, the Shucks only claim Hawaii Life was responsible for correspondence with the Paiges and KB1; not that Hawaii Life was responsible for correspondence with Plaintiff.  See id. at ¶ 14.  The Shucks therefore fail to plausibly allege the Third-Party Defendants had a contract with Plaintiff, let alone that a contract was breached.  Thus, the Shucks' negligence claim is not derivatively based on Plaintiff's contract claim.

Similarly, the Shucks do not sufficiently allege their negligence claim is derivatively based on Plaintiff's intentional or negligent misrepresentation claim.  The Shucks

12

allege the Third-Party Defendants were negligent because they breached a duty of care to Plaintiff for untimely delivery of the title documents.  [Id. at ¶ 57.]  Plaintiff, on the other hand, alleges "the Paiges intentionally or negligently made false misrepresentations to Plaintiff that the Paiges would either proceed in good faith with the purchase of the Property and/or elect to terminate the Purchase Contract on a valid basis."  [Complaint at ¶ 49.]  The two claims are different, relying on separate theories and facts.  Put another way, the Shucks allege the Third-Party Defendants are liable to them for a claim that is independent from Plaintiff's claim.  This runs counter to the purpose of a third-party complaint.  See Fed. R. Civ. P. 14(a)(1).

Accordingly, the Shucks do not explain how their negligence claim is derivatively based on either Plaintiff's breach of contract claim or intentional or negligent misrepresentation claims beyond merely asserting that the claims arise from the same transaction or set of facts.  See One 1977 Mercedes Benz, 708 F.2d at 452; Stewart, 845 F.2d at 200.  Thus, Third-Party Count I is stricken because it is not a proper third-party claim under Rule 14(a)(1).

**B.   The Shucks' Contribution and Indemnification Claims**

In Third-Party Count II, the Shucks allege they "are entitled to indemnification and/or contribution from Third-Party

13

Defendants" because Plaintiff's "damages were caused by the negligence or fault of Third-Party Defendants." [Amended Shuck Third-Party Complaint at ¶ 70.]. The Third-Party Defendants argue there is no contractual or implied basis for indemnification, and contribution is improper because "Hawaii has abolished joint and several liability for joint tortfeasors except for limited circumstances, not applicable here." [Mem. in Supp. of Motion at 17–18 (citing HRS § 663-10.9).] Ultimately, the Shucks do not plausibly allege they can seek contribution or indemnification from the Third-Party Defendants for Plaintiff's Count I and Count II claims.

As an initial matter, the Shucks do not allege there is an express or implied agreement between them and the Third-Party Defendants for contribution or indemnification. After the Third-Party Defendants pointed this out in their Motion, see Mem. in Supp. of Motion at 18, the Shucks again failed to identify such an agreement in their opposition. Nevertheless, the Shucks' contribution and indemnification claims also fail for other reasons.

Contribution or indemnification for Count I, a contract claim, is improper because they "are remedies sounding in tort, and not contract." SCD RMA, 591 F. Supp. 2d at 1147. "[C]ourts will not allow tort recovery in cases in which the underlying nature of the claim is essentially a breach of

14

contract." Id. (citation omitted); see also Francis, 89 Hawai`i at 244, 971 P.2d at 717 (holding that Hawai`i law does not recognize a tortious breach of contract claim "in the absence of conduct that (1) violates a duty that is independently recognized by the principles of tort law and (2) transcends the breach of the contract"). The Shucks, therefore, cannot seek indemnification or contribution from the Third-Party Defendants for Plaintiff's breach of contract claim.

Contribution or indemnification for Count II is also inappropriate. Count II alleges "the Paiges intentionally or negligently made false misrepresentations to Plaintiff that the Paiges would either proceed in good faith with the purchase of the Property and/or elect to terminate the Purchase Contract on a valid basis." [Complaint at ¶ 49.] Importantly, Plaintiff neither alleges this claim directly against the Shucks nor alleges a legal theory explaining how the Shucks could be liable for this claim. The Shucks are therefore seeking to transfer liability to the Third-Party Defendants for a claim Plaintiff is not asserting against them. This contradicts the purpose of Rule 14. See Stewart, 845 F.2d at 200. Further, even if Plaintiff amended the Complaint to allege Count II against the Shucks, the Shucks still could not seek contribution or indemnification.

Although Count II sounds in tort, it resembles a "thinly veiled contract claim[]." See SCD RMA, 591 F. Supp. 2d at 1147.  In analyzing Count II, "the relevant query is whether the **genesis** or **origin** of the underlying claims, including those sounding in tort, is premised on a contractual relationship or is based on an independent tort claim under state law."  See Burlington Ins. Co. v. United Coatings Mfg. Co., 518 F. Supp. 2d 1241, 1250–51 (D. Hawai`i 2007) (emphases in Burlington) (footnote omitted).  Here, the alleged misrepresentations seem to concern duties covered by the contract itself.  See, e.g., Complaint at ¶¶ 49–52.  A party's duty to perform the terms of the contract in good faith is implied in the contract.  See Best Place, Inc. v. Penn Am. Ins. Co., 82 Hawai`i 120, 123–24, 920 P.2d 334, 337–38 (1996) ("[E]very contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement." (citations omitted)).  The failure to act in good faith, therefore, is not generally a tort claim.  See Nicol v. Kaanapali Golf Ests. Cmty. Ass'n, CIV. NO. 17-00251 JMS-KJM, 2021 WL 4037427, at *7 (D. Hawai`i Sept. 3, 2021) ("Hawaii law generally does not recognize tort claims for breach of good faith or fair dealing outside the insurance context." (citation and internal quotation marks omitted)).  Moreover, the representations about the terms of the contract, such as

16

purchasing the Property in good faith or validly terminating the Purchase Contract, clearly depend on a contractual relationship. See, e.g., Burlington, 518 F. Supp. 2d at 1251 (finding that, because the alleged negligent misrepresentations about the product's acrylic percentage "depend[ed] upon the existence of United Coatings' underlying contract, . . . the claim for negligence misrepresentation [was] contract based").

Regardless, the Court need not decide whether Count II is definitively a contract claim or tort claim because contribution and indemnification are improper under either interpretation.  If Count II is viewed as a contract claim, then contribution or indemnification from the Third-Party Defendants is impermissible because, again, those are remedies sounding in tort, not contract.  See SCD RMA, 591 F. Supp. 2d at 1147.

If Count II is a tort claim, contribution and indemnification are equally inappropriate under the facts alleged.  Under Hawai`i law, "[t]he right of contribution exists among joint tortfeasors."  Haw. Rev. Stat. § 663-12(a).  But, "contribution is only available when joint tortfeasors are 'severally liable for the same injury to plaintiff. . . .  And a tortfeasor . . . cannot be jointly and/or severally liable with another unless the person who has been harmed can sue and recover from both.'"  Ill. Nat'l Ins. Co. v. Nordic PCL Constr., Inc., 870 F. Supp. 2d 1015, 1047 (D. Hawai`i 2012) (brackets,

17

emphases, citation, and some internal quotation marks omitted);
see Haw. Rev. Stat. § 663-11 (defining the term "joint
tortfeasors").  The question then is whether the Shucks
sufficiently allege the Third-Party Defendants "potentially
breached duties owed to **Plaintiff**[], even though Plaintiff[]
ha[s] not asserted claims directly against [them]." Cabalce v.
VSE Corp., 914 F. Supp. 2d 1145, 1159 (D. Hawaiʻi 2012)
(emphasis in Cabalce).  The answer is no.  Plaintiff claims the
**Paiges** made the intentional or negligent misrepresentations
regarding their intent to either proceed in good faith with the
purchase of the Property or elect to terminate the Purchase
Contract on a valid basis.  See Complaint at ¶ 49.  The Shucks
do not allege how or why the Third-Party Defendants would be
jointly and/or severally liable for the Paiges' alleged
intentional or negligent misrepresentations to Plaintiff.

        In any event, the Shucks cannot seek contribution for
Plaintiff's intentional misrepresentation claim because "[t]here
is no right of contribution in favor of any tortfeasor who has
intentionally caused the harm[.]"  Brooks v. Dana Nance & Co.,
113 Hawaiʻi 406, 416, 153 P.3d 1091, 1101 (2007) (first
alteration in Brooks) (citation and quotation marks omitted).
Contribution for the negligent misrepresentation claim fairs no
better.  The Shucks do not allege facts to suggest the Third-
Party Defendants were involved in making those

18

Case 1:20-cv-00097-LEK-WRP   Document 158   Filed 11/18/21   Page 19 of 26   PageID #: 2508

misrepresentations.  In fact, the Shucks' negligence claim relies on the Third-Party Defendants' actions that are unrelated to the conduct at issue in Plaintiff's negligent misrepresentation claim.  The Shucks simply do not address the Plaintiff's negligent misrepresentation claim.  Compare Amended Shuck Third-Party Complaint at ¶¶ 54-67, with Complaint at ¶¶ 48-52.  Thus, the Shucks do not sufficiently allege that contribution applies to the Third-Party Defendants for Count II.

The Shucks' indemnification claim also fails.  This district court has stated:

> The Restatement says that indemnification can be imposed when "two persons are liable in tort to a third person for the same harm and one of them discharges the liability of both."  Restatement (Second) of Torts § 886B(1).  Under those circumstances, "he is entitled to indemnity from the other if the other would be unjustly enriched at his expense by the discharge of the liability."  Id.  Indemnity can be based on either an express contract, a contract implied-in-fact, or equitable concepts relating to a special legal relationship between the tortfeasors.  See 41 Am. Jur. 2d § 3 (2004).

SCD RMA, 591 F. Supp. 2d at 1146-47.  A party alleging an equitable indemnification claim "must plead . . . that: (1) he or she has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation ought to be discharged by the latter."  Sidlo v. Kaiser Permanente Ins.

19

Co., 221 F. Supp. 3d 1183, 1215 (D. Hawai`i 2016) (citation and internal quotation marks omitted).

Here, the Shucks do not allege the theory of indemnity that applies. Nonetheless, the Amended Shuck Third-Party Complaint does not contain any allegations that the Shucks or the Third-Party Defendants discharged a legal obligation owed to Plaintiff. The Shucks therefore fail to plausibly allege they are entitled to indemnification from the Third-Party Defendants for Plaintiff's intentional or negligent misrepresentation claims. Accordingly, the Schuck's contribution and indemnification claims are stricken.

C.    **Summary**

The Amended Shuck Third-Party Complaint is improper because: (1) the Shucks' negligence claim is not plausibly alleged to be derivatively based on Plaintiff's claims; and (2) the Shucks fail to plausibly allege they are entitled to contribution or indemnification from the Third-Party Defendants for Plaintiff's claims.[3] Therefore, the Motion is granted to the extent the Amended Shuck Third-Party Complaint is stricken pursuant to Fed. R. Civ. P. 14(a)(4). The striking of the

---

[3] The Third-Party Defendants raise additional arguments challenging the merits of the Amended Shuck Third-Party Complaint, see Mem. in Supp. of Motion at 17-18, but it is unnecessary to address those arguments in light of the Court's ruling.

third-party claims is without prejudice to the Shucks filing their claims against the Third-Party Defendants in a separate action.

## II. Paige Crossclaim

The Third-Party Defendants argue the Paige Crossclaim should be dismissed or stricken because Hawaii Life and the Paiges are not coparties. [Mem. in Supp. of Motion at 19.] The Paiges contend that they should be treated as coparties with Hawaii Life and, therefore, their crossclaim is proper. [Paige Opp. at 6.] The Court agrees with the Third-Party Defendants that they are not coparties with the Paiges.

"A cross-claim may be stated 'by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action.'" Beach Front Villas, LLC v. Rogers, CIV. NO. 18-000457 LEK, 2020 WL 3213332, at *4 (D. Hawai`i June 15, 2020) (quoting Fed. R. Civ. P. 13(g)).

> Although courts have reached differing results, the court agrees that "the rule that best reflects the original intent of the cross-claim provision was stated by the court in Murray v. Haverford Hospital Corporation[, 278 F. Supp. 5 (E.D. Pa. 1968)]." 6 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. § 1431 (2d ed.). Specifically, the court agrees that "Rule 13(g) was intended to regulate cross-claims between 'co-parties' and contemplated that such cross-claims should be asserted against parties having like status, such as, codefendants." Id. (quoting Murray, 278 F. Supp.

21

at 6); see also Int'l Paving Sys v. Van-Tulco, Inc., 866 F. Supp. 682, 695 (E.D.N.Y. 1994) (finding that a defendant and a third-party defendant are not "coparties" and that "[t]his interpretation of the term 'co-party' has been regarded as the rule that best reflect the original intent of Rule 13").

The Murray rule best reflects the intent of the Federal Rules of Civil Procedure — a plain reading of the rules does not permit a cross-claim between an original defendant and a third-party defendant. . . .  Additionally, the limitations in Rule 14(a)(2)(B) — which permits a third-party defendant to file a cross-claim only against another third-party defendant — further suggest that the rules do not contemplate cross-claims between original defendants and third-party defendants.

Nye v. Hilo Med. Ctr., Civil No. 09-00220 JMS/KSC, 2010 WL 931926, at *7-8 (D. Hawai`i Mar. 11, 2010) (some alterations in Nye).

The Paiges make multiple arguments in support of their claim that they should be treated as coparties with the Third-Party Defendants.  Each argument fails.  Although the Paiges vaguely argue they are coparties with the Third-Party Defendants because the Third-Party Defendants were added to the case through the original third-party complaint,[4] see Paige Opp. at 10, it is unclear why that would make the Paiges coparties with the Third-Party Defendants because the Paiges would still be coparties with the other original defendants, the Shucks.

---

[4] The Shucks filed their original third-party complaint on April 21, 2021.  [Dkt. no. 91.]

Regardless, the argument fails because the Amended Shuck Third-Party Complaint has now been stricken.  See *supra* Discussion Section I.C.  Next, the Paiges cite to numerous cases outside of the Ninth Circuit and one case from the District of Arizona to support their position.  See Paige Opp. at 6–10.  Those cases are neither binding nor persuasive.  This Court continues to agree with prior rulings in this district that "a plain reading of the [Federal Rules of Civil Procedure] does not permit a cross-claim between an original defendant and a third-party defendant."  See Nye, 2010 WL 931926, at *8; see also Beach Front Villas, 2020 WL 3213332, at *4 (quoting Nye).

Finally, the Paiges attempt to distinguish Beach Front Villas from the present case.  See Paige Opp. at 8–10.  In Beach Front Villas, the original defendant, Jennifer Rogers ("Rogers"), filed a third-party complaint against three individuals and one entity.  2020 WL 3213332, at *2.  One of the third-party defendants, David Richardson ("Richardson"), then filed a crossclaim against the three other third-party defendants and Rogers.  Id.  This Court ruled that each of Rogers's third-party claims was improper and therefore the third-party complaint was stricken.  Id. at *3–4.  This Court then ruled that Richardson's crossclaim against Rogers was impermissible because it was between the original defendant, Rogers, and a third-party defendant, Richardson.  Id. at *4.

23

The Paiges argue that, because they "have not asserted a Third-Party Complaint directly against the recently added [Third-Party Defendants,]. . . . they should be treated as coparties within the meaning of Rule 13(g) as they were not in direct opposition as was the case in Beach Front Villas." [Paige Opp. at 10.]  This argument is misplaced.  The third-party complaint in Beach Front Villas was irrelevant for the analysis of Richardson's crossclaim against Rogers.  The same is true here.  Although in Beach Front Villas the third-party defendant brought a crossclaim against the original defendant, the opposite is true in the present case because the Paiges, as the original defendants, bring a crossclaim against the Third-Party Defendants.  But, in either scenario, an original defendant and a third-party defendant are not coparties with like status under Rule 13(g).  See Nye, 2010 WL 931926, at *8.

Because the Paiges and the Third-Party Defendants are not coparties with like status, the Paige Crossclaim is dismissed for failure to state a claim.  The dismissal is without prejudice, however, because, although the crossclaim is improper, the Paiges could bring their claims using an appropriate procedural method.  See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear

. . . that the complaint could not be saved by amendment."
(citation and quotation marks omitted)).

**CONCLUSION**

For the foregoing reasons, the Third-Party Defendants'
**Motion to Dismiss and/or Strike** (1) Defendants Melissa Jackson
and Richard Shuck's **First Amended Third Party Complaint**, Filed
June 2, 2021 [Dkt. 102]; and (2) Defendants Jeremy Slotnick
Paige and Vicki Susan Slotnick's **Crossclaim** Against Third-Party
Defendants Hawaii Life Real Estate Services, LLC, Choi
International, Inc., Rhonda Lee Hay, and Cynthia Nash, Filed May
18, 2021 [Dkt. 95], filed July 16, 2021, is HEREBY GRANTED IN
PART AND DENIED IN PART.  The Motion is GRANTED to the extent
that the Amended Shuck Third-Party Complaint is STRICKEN and the
Paige Crossclaim is DISMISSED.  The Motion is DENIED, insofar as
the dismissal of the Paige Crossclaim is WITHOUT PREJUDICE and
the striking of the Amended Shuck Third-Party Complaint is
WITHOUT PREJUDICE to the Shucks filing their claims against the
Third-Party Defendants in a separate action.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 18, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

STEVEN D. DAVIDSON, ETC. VS. JEREMY SLOTNICK PAIGE, ET AL; CV 20-00097 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART THE THIRD-PARTY DEFENDANTS' MOTION TO DISMISS AND/OR STRIKE