IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STEVEN D. DAVIDSON, | ) | CIVIL NO. 20-00097 LEK-WRP |
|---|---|---|
| Plaintiff, | )<br>)<br>) | FINDINGS AND<br>RECOMMENDATION TO GRANT |
| vs. | )<br>) | DEFENDANTS MELISSA<br>JACKSON AND RICHARD |
| JEREMY SLOTNICK PAIGE, ET<br>AL., | )<br>)<br>) | SHUCK'S PETITION FOR<br>DETERMINATION OF GOOD<br>FAITH SETTLEMENT AND |
| Defendants. | )<br>)<br>) | JOINDER THERETO |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS
MELISSA JACKSON AND RICHARD SHUCK'S PETITION FOR
DETERMINATION OF GOOD FAITH SETTLEMENT
AND JOINDER THERETO

Before the Court is Defendants Melissa Jackson and Richard Shuck's (collectively, the Shuck Defendants) Petition for Determination of Good Faith Settlement. See ECF No. 171. Plaintiff Steven D. Davidson, as Executor of the Estate of Howard W. DeMoore has joined in the Petition. See ECF No. 183. Initially, Defendants Jeremy Slotnick Paige and Vicki Susan Slotnick (collectively, the Paige Defendants) opposed the Petition. See ECF No. 198. The Shuck Defendants filed a Reply in support of the Petition and in response to the arguments raised in the Paige Defendants' Opposition. See ECF No. 202. After the Paige Defendants and Plaintiff placed a settlement on the record, however, the

Paige Defendants withdrew their Opposition and the objections to the Petition therein.  See ECF Nos. 212, 213.  Because the Paige Defendants withdrew their objections to the Petition, the Court vacated the hearing set for March 24, 2022 and found this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c).  See ECF No. 213.

After careful consideration of the Petition, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Petition and Joinder thereto be GRANTED.[1]

BACKGROUND

In June 2018, the Paige Defendants, as Buyers, and Plaintiff, as Seller, entered into a Purchase Contract for certain real property located in Kailua, Hawaiʻi.  See ECF No. 1 ¶¶ 10, 13.  Under the Purchase Contract, either party had the right to terminate the agreement subject to certain conditions.  See id. ¶¶ 12, 14-15.

Under paragraph M-1 of the Purchase Contract, Plaintiff was to provide certain documents to the Paige Defendants no later than seven calendar days after the acceptance date, and the Paige Defendants had seven calendar days

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

after receipt of the documents to terminate the Purchase Contract. See id. ¶ 14. Plaintiff alleges the acceptance date was on August 9, 2018. See id. ¶ 13. On the same day as the acceptance, the Paige Defendants allegedly acknowledged receipt of an initial preliminary report containing hyperlinks to the documents required under paragraph M-1 of the Purchase Contract. See id. ¶ 16. On August 15, 2018, the title company sent an updated preliminary report to the Paige Defendants. See id. ¶ 17.

On August 16, 2018, the Paige Defendants purported to assign the Purchase Contract to Defendant KB1, LLC (KB1) as Buyer. See id. ¶ 18. Plaintiff alleges that KB1 was formed on June 27, 2018, and as of August 13, 2018, the Shuck Defendants and the Paige Defendants were the managers of KB1. See id. ¶ 19. Plaintiff also alleges that KB1 never adopted an operating agreement, appointed officers, opened a bank account, or took any other organizational activities. See id.

Pursuant to the Purchase Contract, a $100,000 initial earnest money deposit was made with the title company on behalf of the Paige Defendants and KB1 for purposes of completing the purchase. See id. ¶¶ 13, 20. Plaintiff alleges that the $100,000 was wire-transferred to the title company from an account owned or controlled by the Shuck Defendants. See id. ¶ 20.

On August 25, 2018, Defendants attempted to terminate the Purchase

Contract.  See id. ¶ 22.  Plaintiff alleges that Defendants were not entitled to terminate under the terms of the Purchase Contract.  See id. ¶¶ 22, 24.  Plaintiff alleges that the real reason for the attempted termination of the Purchase Contract was a disagreement between Defendants.  See id. ¶ 23.

On August 28, 2018, Plaintiff notified the escrow agent that the Purchase Contract had been wrongfully terminated and requested that the earnest money be delivered to Plaintiff.  See id. ¶ 24.  The escrow agent informed Plaintiff that she had received conflicting instructions regarding the earnest money and would not release it.  See id. ¶ 25.  Plaintiff alleges that Defendants breached the Purchase Contract by failing to close on the property by the scheduled closing date. See id. ¶ 26.

Plaintiff brought the following claims: (1) breach of contract against the Paige Defendants and KB1 (Count I); (2) intentional and/or negligent misrepresentation against the Paige Defendants and KB1 (Count II); (3) vicarious liability based on joint venture against the Paige Defendants and the Shuck Defendants (Count III); (4) vicarious liability based on agency against the Paige Defendants and the Shuck Defendants (Count IV); (5) alter ego liability against the Paige Defendants and the Shuck Defendants (Count V); and (6) declaratory relief

against all Defendants (Count VI).[2]

On December 7, 2021, Plaintiff and the Shuck Defendants placed their settlement on the record. See ECF No. 164. This Petition followed. The Petition and briefing in support of it indicate that Plaintiff and the Shuck Defendants reached an agreement by acceptance of a mediator's proposal from mediator Kale Feldman. See ECF No. 202 at 5-12. The confidential Release and Settlement entered between Plaintiff and the Shuck Defendants was filed under seal. See ECF No. 171-3. In the Petition and Joinder, the parties seek a determination of good faith settlement pursuant to Hawai'i Revised Statutes, Section 663-15.5. See ECF No. 171.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written

---

[2] KB1 never appeared in this action, and default was entered against it. See ECF No. 17.

indemnity agreement. See Haw. Rev. Stat. § 663–15.5(a), (d). To determine whether parties have entered into a good faith settlement, the court should consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 77 P.3d 83, 111 (Haw. 2003).

An agreement to settle a claim is made in good faith when the totality of circumstances show that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. See id. (stating that the goal of the statute is to "prevent collusive settlements aimed at injuring non-settling tortfeasors' interests"). Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. See Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. See Haw. Rev. Stat. § 663-15.5(b) ("A nonsettling alleged

joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.").

The Court has reviewed the factors set forth in <u>Troyer v. Adams</u> and the terms of the settlement and finds that the material terms of the settlement meet the purpose of Section 663-15.5 and that the settlement was entered into in good faith.

## CONCLUSION

Based on the Court's consideration of the Petition, and the totality of the circumstances, the Court FINDS that the settlement was in good faith under Hawaiʻi Revised Statutes Section 663–15.5 and RECOMMENDS that Defendants Melissa Jackson and Richard Shuck's Petition for Determination of Good Faith Settlement and the Joinder thereto be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 28, 2022.



Wes Reber Porter
United States Magistrate Judge

**DAVIDSON v. PAIGE, ET AL.**; CIVIL NO. 20-00097 LEK-WRP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS MELISSA JACKSON AND RICHARD SHUCK'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND JOINDER THERETO