IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN D. DAVIDSON, | ) CIVIL NO. 20-00097 LEK-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) DEFENDANTS MELISSA |
| | ) JACKSON AND RICHARD |
| JEREMY SLOTNICK PAIGE, ET AL., | ) SHUCK'S MOTION TO COMPEL |
| | ) RELEASE OF THE EARNEST |
| | ) MONEY DEPOSIT TO |
| Defendants. | ) DEFENDANTS MELISSA |
| | ) JACKSON AND RICHARD |
| | ) SHUCK |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS MELISSA
JACKSON AND RICHARD SHUCK'S MOTION TO COMPEL RELEASE OF
THE EARNEST MONEY DEPOSIT TO DEFENDANTS MELISSA JACKSON
AND RICHARD SHUCK

Before the Court is Defendants Melissa Jackson and Richard Shuck's (collectively, the Shuck Defendants) Motion to Compel Release of the Earnest Money Deposit to Defendants Melissa Jackson and Richard Shuck (Motion). See ECF No. 218. Pursuant to this Court's direction, the Shuck Defendants filed a supplement in support of their Motion on April 20, 2022. See ECF Nos. 220, 221. Plaintiff Steven D. Davidson, as Executor of the Estate of Howard W. DeMoore filed a statement indicating he does not oppose the Motion. See ECF No. 222. Defendants Jeremy Slotnick Paige and Vicki Susan Slotnick (collectively, the Paige Defendants) oppose the Motion. See ECF No. 223. The Shuck Defendants

also filed a reply in support of their Motion.  See ECF No. 227.[1]

The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c).  After careful consideration of the briefs, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be DENIED.[2]

## BACKGROUND

The Court begins by recounting relevant allegations in Plaintiff's Complaint.  In June 2018, the Paige Defendants, as Buyers, and Plaintiff, as Seller, entered into a Purchase Contract for certain property located in Kailua, Hawai'i.  See ECF No. 1 ¶¶ 10, 13.  Under the Purchase Contract, either party had the right to terminate the agreement subject to certain conditions.  See id. ¶¶ 12, 14-15.

Under paragraph M-1 of the Purchase Contract, Plaintiff was to

---

[1] Because the Shuck Defendants withdrew the initial reply brief they filed, the Court has considered only their reply brief docketed at ECF No. 227.  See ECF Nos. 225, 226, 227.

[2] The Court has issued its Findings and Recommendation, rather than an Order, because the Court interprets the Shuck Defendants' Motion as seeking what is akin to dispositive relief and because the Shuck Defendants' supplement in support of their Motion indicates they are moving, in the alternative, under Federal Rule of Civil Procedure 60(b), seeking relief from a final, judgment, or order.  Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

provide certain documents to the Paige Defendants no later than seven calendar days after the acceptance date, and the Paige Defendants had seven calendar days after receipt of the documents to terminate the Purchase Contract. See id. ¶ 14. Plaintiff alleged the acceptance date was on August 9, 2018. See id. ¶ 13. On the same day as the acceptance, the Paige Defendants allegedly acknowledged receipt of an initial preliminary report containing hyperlinks to the documents required under paragraph M-1 of the Purchase Contract. See id. ¶ 16. On August 15, 2018, the title company sent an updated preliminary report to the Paige Defendants. See id. ¶ 17.

On August 16, 2018, the Paige Defendants purported to assign the Purchase Contract to Defendant KB1, LLC (KB1) as Buyer. See id. ¶ 18. Plaintiff alleged KB1 was formed on June 27, 2018, and as of August 13, 2018, the Shuck Defendants and the Paige Defendants were the managers of KB1. See id. ¶ 19. Plaintiff also alleged KB1 never adopted an operating agreement, appointed officers, opened a bank account, or took any other organizational activities. See id.

Pursuant to the Purchase Contract (and particularly relevant to the present Motion), a $100,000 initial earnest money deposit was made with the title company on behalf of KB1 for purposes of completing the purchase. See id. ¶¶ 13, 20. Plaintiff alleged that the $100,000 was wire-transferred to the title company

from an account owned or controlled by the Shuck Defendants. See id. ¶ 20.[3]

On August 25, 2018, Defendants attempted to terminate the Purchase Contract. See id. ¶ 22. Plaintiff alleged that Defendants were not entitled to terminate under the terms of the Purchase Contract. See id. ¶¶ 22, 24. Plaintiff alleged that the real reason for the attempted termination of the Purchase Contract was a disagreement among the Defendants. See id. ¶ 23.

On August 28, 2018, Plaintiff notified the escrow agent that the Purchase Contract had been wrongfully terminated and requested that the earnest money be delivered to Plaintiff. See id. ¶ 24. The escrow agent informed Plaintiff that she had received conflicting instructions regarding the earnest money and would not release it. See id. ¶ 25. Plaintiff alleged that Defendants breached the Purchase Contract by failing to close on the property by the scheduled closing date. See id. ¶ 26.

Plaintiff brought the following claims: (1) breach of contract against the Paige Defendants and KB1 (Count I); (2) intentional and/or negligent misrepresentation against the Paige Defendants and KB1 (Count II); (3) vicarious liability based on joint venture against the Paige Defendants and the Shuck Defendants (Count III); (4) vicarious liability based on agency against the Paige

---

[3] The Motion clarifies that the deposit was made via check by the Shuck Defendants, not via money wire. See ECF No. 218-1 at 16 n.2.

Defendants and the Shuck Defendants (Count IV); (5) alter ego liability against the Paige Defendants and the Shuck Defendants (Count V); and (6) declaratory relief against all Defendants seeking a declaration that Plaintiff was entitled to the earnest money deposit as partial satisfaction for the damages alleged (Count VI).[4]

Throughout the course of the litigation, the Shuck Defendants filed a third-party complaint against Third-Party Defendants Hawaii Life Real Estate Services, LLC, Choi International, Inc., Rhonda Lee Hay, and Cynthia Nash, and the Paige Defendants filed crossclaims against these parties.  See ECF Nos. 91, 95, 102.  The parties stipulated to dismiss the claims against Choi International, Inc. without prejudice.  See ECF No. 135.  And the District Court later struck the Shuck Defendants' third-party complaint and dismissed the Paige Defendants' crossclaims, without prejudice.  See ECF No. 158.  At no time did the Shuck Defendants or the Paige Defendants file crossclaims against each other.

On December 7, 2021, Plaintiff and the Shuck Defendants placed their settlement on the record.  See ECF No. 164.  The confidential Release and Settlement entered between Plaintiff and the Shuck Defendants was filed under seal.  See ECF No. 171-3.  On March 28, 2022, this Court issued its Findings and Recommendation that the District Court grant the Shuck Defendants' petition for a

---

[4] KB1 never appeared in this action, and default was entered against it.  See ECF No. 17.  Plaintiff later agreed to dismiss KB1.  See, e.g., ECF No. 218-1 at 7, 13.

determination of good faith settlement under Hawai'i law.  See ECF No. 215.  The District Court adopted the Findings and Recommendation on April 12, 2022.  See ECF No. 219.

Plaintiff and the Paige Defendants later placed their settlement on the record, on March 24, 2022.  See ECF No. 213.  Once that occurred, there were no remaining claims in this action.  See, e.g., ECF No. 214.  However, no stipulation for dismissal has been entered yet, nor has judgment been entered.

On April 12, 2022, the Shuck Defendants filed the present Motion, asking this Court to compel the release of the $100,000 earnest money deposit to them, i.e., compelling the Paige Defendants to direct the escrow agent to release the money to the Shuck Defendants.  The Shuck Defendants attest that they loaned the earnest money to KB1 to purchase the property and that the Paige Defendants did not contribute any funds.  See ECF No. 218-2 ¶¶ 7-8.  There is no dispute that the Shuck Defendants paid the entirety of the $100,000 earnest money; instead, the Paige Defendants dispute whether this means the Shuck Defendants are entitled to all of those funds, or instead, because it was loaned to KB1, whether procedures related to the winding up of an LLC under Hawai'i law compel a different result or require that such issues be determined in a different forum.  See ECF No. 223.

DISCUSSION

First, the Court notes that the Shuck Defendants did not initially style their Motion as one seeking to enforce a settlement agreement.  See ECF No. 218-1.  While the Shuck Defendants point to an agreement between them and Plaintiff regarding *Plaintiff* assigning any right in the earnest money to the *Shuck Defendants*, see ECF No. 221 at 2, they point to no settlement term that the Court could enforce that requires the *Paige Defendants* to take any action with regard to the earnest money for the benefit of the *Shuck Defendants*.  The Court is thus not persuaded by authority indicating a Court may always act to enforce the terms of a settlement.

Next, and relatedly, the Court rejects the Shuck Defendants' reliance on Federal Rule of Civil Procedure 60.  No stipulation for dismissal has been entered, nor has judgment therefore been entered—so the Court is doubtful that Rule 60 is applicable here.  See Fed. R. Civ. P. 60(b).  Regardless, the authority that the Shuck Defendants rely on in arguing that this Court should award them relief is premised on the notion that a party breaching a settlement agreement may provide the extraordinary circumstances required for relief under Rule 60(b)(6).  See ECF No. 221 at 6-7.  But again, the Shuck Defendants have not pointed to such a breach by the Paige Defendants here.

At most, the Shuck Defendants argue that, because the Paige

Defendants did not specifically assert a claim to the earnest money in their Answer or by bringing a counterclaim, and the deadline to do so has passed, they cannot now claim they are entitled to any portion of the earnest money as compared to the Shuck Defendants who did make a specific claim to the earnest money in their Answer.  See ECF No. 221 at 7-8.  But Plaintiff framed his declaratory relief claim—seeking a declaration that *he* was entitled to the earnest money—as a dispute between him on the one hand and the Defendants (through KB1) on the other hand, not as one also involving a dispute among the Defendants.  See ECF No. 1 ¶¶ 71-80.  In any event, the Paige Defendants' Answer does generally deny Plaintiff's claim asking the Court to declare that Plaintiff was entitled to the earnest money.  See ECF No. 14 ("Answering Count 6: We Disagree").[5]  Moreover, Plaintiff sought a declaration that he was "entitled to the Earnest Money deposit *as partial satisfaction of its damages alleged herein*."  ECF No. 1 ¶ 80 (emphasis added).  The Paige Defendants' Answer also generally denied Plaintiff's substantive contract and tort claims, i.e., they also denied Plaintiff's stated basis for why he was entitled to the earnest money.  See ECF No. 14.  Finally, the Shuck Defendants have not cited any authority to support the contention that the form of the Paige Defendants' responsive pleading (as compared to theirs) justifies the

---

[5] At the time the Paige Defendants filed their Answer they were proceeding pro se.  See ECF No. 14.

Court issuing what would amount to declaratory relief in the Shuck Defendants' favor as to a claim they have not shown is before the Court. While it could be that the Paige Defendants may be barred from raising the arguments in their Opposition in a separate action over the Shuck Defendants' entitlement to the earnest money, e.g., on grounds of preclusion, delay, or otherwise, this Court cannot make such a determination here. Cf. Smith v. Bayer Corp., 564 U.S. 299, 307 (2011) ("deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court").

   Based on this, the Court ultimately finds that it cannot address the substance of the parties' dispute regarding the appropriate distribution of the earnest money (i.e., considering how these funds must be distributed in winding up an LLC under Hawaiʻi law based on the Shuck Defendants' initial argument that they are creditors that have priority under Hawaiʻi law, the Paige Defendants' response that this must be resolved in a separate proceeding and that they provided "services" to KB1 that must be considered in any winding up along with KB1's liabilities, and the Shuck Defendants' argument in reply that KB1's business has already been wound up pursuant to KB1's Articles of Termination). See ECF No. 218-1 at 14-19; ECF No. 223; ECF No. 227 at 6-9. Indeed, that two parties that never had active claims against each other are so focused at this late stage on a substantive dispute under Hawaiʻi law serves to underscore that these matters are

9

not properly before this Court.

The Court acknowledges that the Shuck Defendants believe the Paige Defendants are—without justification—prolonging this related dispute over the earnest money and, in a sense, frustrating the Shuck Defendants' settlement with Plaintiff.  See, e.g., ECF No. 218-2 ¶ 11 (noting that the Paige Defendants' refusal to agree to the release of the earnest money to the Shuck Defendants meant the Shuck Defendants were forced to pay the settlement amount to Plaintiff in "new money").  The Court is similarly concerned with counsel for the Paige Defendants' role in potentially prolonging this dispute either by being non-responsive or by changing his position without justification as to why his clients refuse to agree to sign over the earnest money to the Shuck Defendants.  See, e.g., ECF No. 218-1 at 7-14.  But the Court ultimately finds the Shuck Defendants have not pointed the Court to any authority allowing it to direct the Paige Defendants to take any action with regard to the earnest money *in this case*.

The Court therefore RECOMMENDS that the District Court DENY the Shuck Defendants' Motion.

## CONCLUSION

Based on the discussion above, the Court FINDS that it lacks the authority to order the Paige Defendants to take any action with regard to the earnest money and therefore RECOMMENDS that the Shuck Defendants' Motion

be DENIED.

       IT IS SO FOUND AND RECOMMENDED.

       DATED AT HONOLULU, HAWAII, JUNE 3, 2022.



Wes Reber Porter
United States Magistrate Judge


**DAVIDSON v. PAIGE, ET AL.; CIVIL NO. 20-00097 LEK-WRP; FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS MELISSA JACKSON AND RICHARD SHUCK'S MOTION TO COMPEL RELEASE OF THE EARNEST MONEY DEPOSIT TO DEFENDANTS MELISSA JACKSON AND RICHARD SHUCK**